UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AUDREY BALDWIN**<br><br>v.<br><br>**STEEL CITY MARINE TRANSPORT, INC.** | **CIVIL ACTION**<br><br>**NO. 2:18-CV-08539**<br><br>**JUDGE JAN TRICHE MILAZZO**<br><br>**MAGISTRATE JOSEPH C. WILKINSON, JR.** |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Steel City Marine Transport, Inc., answer and respond to the Complaint for Damages (the "Complaint") filed by Audrey Baldwin ("Plaintiff") as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant responds to the specific allegations of the Complaint as follows:

**1.**

The allegations of Paragraph 1 of the Complaint are admitted insofar as they allege Defendant is headquartered in Freedom, Pennsylvania and does business in the state and judicial district. In further response to the allegations set forth in Paragraph 1 of the Complaint, they are denied as written.

**2.**

Defendant admits that venue is proper in this judicial district; however, the remainder of the allegations of Paragraph 2 of the Complaint are denied.

**3.**

The allegations set forth in Paragraph 3 of the Complaint are legal conclusions for which no response of defendant is required; however, to the extent a response is required, they are denied for lack of information to justify a belief therein.

**4.**

Defendant admits that Plaintiff was a cook aboard the M/V KEVIN MICHAEL on or around April 2018; however, the remainder of the allegations set forth in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**5.**

The allegations of Paragraph 5 of the Complaint are denied.

**6.**

The allegations of Paragraph 6 of the Complaint are denied.

**7.**

The allegations of Paragraph 7 of the Complaint are denied.

**8.**

The allegations of Paragraph 8 of the Complaint are denied.

**9.**

The allegations of Paragraph 9 of the Complaint are denied.

**10.**

The allegations of Paragraph 10 of the Complaint are denied.

**11.**

The allegations of Paragraph 11 of the Complaint are denied.

**12.**

The allegations of Paragraph 12 of the Complaint are denied.

**13.**

The allegations of Paragraph 13 of the Complaint are denied.

**14.**

The allegations of Paragraph 14 of the Complaint are denied.

**15.**

The allegations contained in Paragraph 15 of the Complaint are legal conclusions for which no response of defendant is required; however, to the extent a response is required, they are denied for lack of information to justify a belief therein.

**16.**

The allegations of Paragraph 16 require no response from Defendant; however to the extent a response is deemed required, they are denied.

**17.**

The allegations of Paragraph 17 of the Complaint are denied.

**18.**

The allegations of Paragraph 18 of the Complaint are denied.

**19.**

The allegations of Paragraph 19 of the Complaint are denied.

**20.**

The allegations contained in Paragraph 20 of the Complaint are legal conclusions for which no response of defendant is required; however, to the extent a response is required, they are denied for lack of information to justify a belief therein.

**21.**

The allegations set forth in any unnumbered Paragraph are denied.

### THIRD DEFENSE

Any damages sustained by Plaintiff were caused or contributed to by her own actions and/or negligence.

### FOURTH DEFENSE

Any damages sustained by the Plaintiff were caused or contributed to by the acts or omissions of persons or parties for whom Defendant is not legally responsible.

### FIFTH DEFENSE

Any injury to Plaintiff, if any, pre-existed the occurrences described in the Complaint, in whole or in part, and/or is in the progression of a condition which pre-existed the accident and incidents at issue.

### SIXTH DEFENSE

Defendant is without privity or knowledge of the act, matter, thing, loss, damage, occasion, or incurred, giving rise to this suit.  Therefore, Defendant is entitled to all rights and remedies available under 46 U.S.C. § 30501-30512, including the right to limit its liability for the casualty at issue, if any to the value of the vessel involved as pending freight.

### SEVENTH DEFENSE

At all times material, the vessel at issue was seaworthy and fit for its intended voyage.

## EIGTH DEFENSE

Plaintiff has failed to mitigate her damages, any recovery to which she may otherwise be entitled, which is denied, should be reduced accordingly.

## NINTH DEFENSE

Defendant avers that it has not breached its duties, statutory or otherwise, to Plaintiff. Further, at all material times, Defendant acted reasonable and prudently under the circumstance and applied with all applicable state and federal regulations and laws.

## TENTH DEFENSE

Plaintiff is not entitled to punitive and/or exemplary damages under the Jones Act, 46 U.S.C. § 30104 and/or under the General Maritime Laws of the United States.

**WHEREFORE, D**efendant, Steel City Marine Transport, Inc., respectfully prays this Answer be deemed good and sufficient and, after due proceedings are had, that there be Judgment entered herein in its favor and against Plaintiff, dismissing any claims at her costs and with prejudice, awarding Defendant all costs and fees incurred herein before any other relief deemed necessary and reasonable in the premises.

Respectfully submitted,

*/s/ Joseph A. Devall, Jr.*

Joseph A. Devall (#29149)
Paul D. Hale (#30539)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone:  504 581 5141

jdevall@deutschkerrigan.com
phale@deutschkerrigan.com

**Attorneys for Steel City Marine Transport, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of November, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Joseph A. Devall, Jr.
Joseph A. Devall, Jr.